IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-347-FL

| GLADYS BLOUNT, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SAMANTHA JONES INGRAM, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's "consolidated motion for no-contact order for stalking," (DE 10), which the court construes as motion for preliminary injunction. For the reasons that follow, plaintiff's motion is denied.

**STATEMENT OF THE CASE**

On June 2, 2019, plaintiff filed complaint in the General Court of Justice, District Court Division for Cumberland County ("state court"), seeking a "no-contact order for stalking or nonconsensual sexual conduct" against a Department of Defense ("DOD") official, Samatha Jones Ingram ("Ingram"), based on allegations of stalking during a DOD training session that Ingram was conducting which plaintiff attended. (See DE 1-1 at 3-4). Plaintiff sought and received temporary emergency ex parte restraining order, and it appears further sought a permanent no-contact order and order from the state court directing defendant cease a list of interactions with plaintiff. (See id. at 5-6).

On August 8, 2019, defendant removed this action. On August 30, 2019, plaintiff filed instant motion, seeking "an order granting Plaintiff's request for a No-Contact Order for Stalking

Misconduct originally initiated on June 21, 2019." (DE 10 at 3). Plaintiff seeks, in the alternative, remand if the court is unable to provide the protection to plaintiff from defendant that plaintiff seeks.

On September 16, 2019, the United States filed certification of scope of employment and notice of substitution, substituting itself regarding certain of plaintiff's claims as the defendant in this action. (DE 14 at 2 ("This certification also is notice that this suit is deemed an action against the United States under the provisions of the Federal Tort Claims Act and the United States shall be substituted as the party defendant in lieu of Defendant Dr. Ingram.")). On the same day, the United States filed motion to dismiss all of plaintiff's claims, arguing 1) plaintiff's tort claims should be dismissed based on lack of subject-matter jurisdiction, 2) even if the Federal Tort Claims Act ("FTCA") applies to plaintiff's claims, plaintiff did not exhaust mandatory administrative procedures, 3) plaintiff's claims for injunctive relief should be dismissed based upon sovereign immunity and lack of jurisdiction because these claims essentially seek to enjoin an official of the United States from performing her official government duties, and, 4) to the extent plaintiff states any other claims, plaintiff fails to state any claim upon which relief can be granted.[1]

On September 19, 2019, the United States filed opposition to the instant motion, arguing again any such relief would be barred by sovereign immunity and also arguing plaintiff has failed to establish grounds for injunctive relief.

## STATEMENT OF THE FACTS

The facts alleged by plaintiff as relevant to the resolution of the instant motion may be summarized as follows. It appears plaintiff alleges that one or more incidents occurred in April 2019 wherein defendant, who is a chief of instructional leadership with the DOD's center for instructional

---

[1] The court will address defendant's motion to dismiss under separate order following completion of briefing as to that motion.

leadership, harassed plaintiff, yelled at her, and made negative reports about plaintiff to plaintiff's employers. Plaintiff is the assistant principal in a DOD school at Fort Bragg, North Carolina. Plaintiff's complaint states as follows regarding Ingram's alleged actions: Ingram "followed me out of a training room while I was attempting to use the restroom and screamed at me," "emailed my supervisors false statements of me missing training and due dates for [training] action plans," and "called my supervisors to falsely state I missed trainings, due dates, and missing documents [for training]." (DE 1-1 at 3).[2]

## DISCUSSION

The court may grant a preliminary injunction only on notice to the adverse party, Fed. R. Civ. P. 65(a)(1), and if the moving party establishes four requirements: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 346 (4th Cir .2009), vacated on other grounds 130 S.Ct. 2371 (2010), reinstated in relevant part on remand. 607 F.3d 355 (4th Cir.2010) (per curiam). All four requirements must be satisfied. Id. "[A] clear showing" of likelihood of success on the merits and irreparable harm is required in addition to satisfying the other factors before a preliminary injunction can be entered. Id. 346-47.

Upon careful consideration of the issues raised, plaintiff has failed to satisfy the requirements for a preliminary injunction. Among other things, plaintiff has failed to carry her burden to show likelihood of irreparable harm in the absence of preliminary injunction.

It appears the parties agree that plaintiff's interactions with Ingram are of a limited nature.

---

[2] Underneath these allegations are additional allegations made by plaintiff in briefings that plaintiff possesses documentation confirming defendant, or defendant's proxy, "withheld reports from 2010 related to chemical toxins present in DoDEA Amercas Galer Elementary School which has resulted in numerous employees becoming ill or dying from her intentional withholding of these reports." (DE 10 at 2; see also DE 17 at 1 n.1).

3

As argued by the United States, that "Ingram resides in Georgia and her contacts with the Plaintiff at issue in the Complaint do not go beyond employment supervision and training in her official capacity." (DE 16 at 9). As stated somewhat differently by plaintiff, "Samantha Ingram is not Plaintiff's supervisor and does not assign Plaintiff work or complete any performance appraisal documents related to Plaintiff's duties." (DE 17 at 1 n.1).

Although plaintiff argues that she has an "authentic and urgent request for an Order of Protection from the above Defendant (Samantha J. Ingram) due to Plaintiffs whistle blower status and Plaintiff's extensive knowledge of reports (confirmed from primary source documents & published in the media) confirming Defendant Ingram's involvement in intentionally withholding facilities reports regarding Benzene levels at DoDEA America's Elementary School," (DE 17 at 2), plaintiff's briefing does not address any current harm plaintiff is suffering or could suffer in the absence of preliminary injunction. Indeed, plaintiff's briefings fail to address any harm, at any time, that could be remedied by grant of preliminary injunction. Thus, plaintiff has failed to make any showing "that in the absence of a preliminary injunction," plaintiff is "likely to suffer irreparable harm before a decision on the merits can be reached." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008) (citation omitted). Additionally, to the extent plaintiff moves for remand, such relief is denied where plaintiff failed to allege any sufficient basis for remand.

## CONCLUSION

For the foregoing reasons, the court DENIES plaintiff's motion for preliminary injunction. (DE 10).

SO ORDERED, this the 26th day of September, 2019.

LOUISE W. FLANAGAN
United States District Judge

4