IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-347-FL

| | |
|---|---|
| GLADYS BLOUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. [1] | ) |

This matter is before the court on defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (DE 12). The issues raised have been briefed fully, and in this posture, are ripe for ruling. For the following reasons, defendant's motion to dismiss is granted.

**STATEMENT OF THE CASE**

Pro se plaintiff commenced this action in state court in Cumberland County, North Carolina, on June 21, 2019, seeking a "no-contact order for stalking or nonconsensual sexual conduct" against formerly-named defendant Samantha Jones Ingram ("Ingram"), a Department of Defense ("DOD") official, based upon Ingram's alleged interaction with plaintiff during a DOD training session. (See DE 1-1 at 3-4). Plaintiff sought and received a temporary no-contact order, and further sought a permanent no-contact order, enjoining Ingram from entering plaintiff's place of employment, among other things. (See id. at 5-6).

---

[1] The court constructively amends its caption to substitute the United States as defendant, pursuant to defendant's certification of scope of employment and notice of substitution (DE 14) and 28 U.S.C. § 2679.

Ingram removed the case to this court August 8, 2019. On September 16, 2019, the United States filed certification of scope of employment and notice of substitution, rendering the United States the sole defendant in this action. That same day, defendant filed the instant motion to dismiss, arguing 1) plaintiff's tort claims should be dismissed for lack of subject matter jurisdiction, 2) even if the Federal Tort Claims Act ("FTCA") applies to plaintiff's claims, plaintiff did not exhaust mandatory administrative procedures, 3) plaintiff's claims for injunctive relief should be dismissed based upon and lack of jurisdiction because these claims essentially seek to enjoin an official of the United States from performing her official government duties, and 4) to the extent plaintiff states any other claims, plaintiff fails to state any claim upon which relief can be granted.

On September 23, 2019, plaintiff filed "plaintiff's disabuse of defendants [sic] motions & non-primary sources placed in plaintiff's record by defendant between the dates of September 19, 2019 for plaintiff DOD(EA) whistle blower blount for case already in session before eastern district court," which the court construes as a response in opposition.[2] Defendant replied in support of its motion.

## STATEMENT OF FACTS

The facts alleged by plaintiff as relevant to the instant motion may be summarized as follows. Plaintiff is the assistant principal at a DOD school at Fort Bragg, North Carolina. Ingram is the chief of instructional leadership at the DOD. According to plaintiff, Ingram "followed [plaintiff] out of a training room while [she] was attempting to use the restroom and screamed at [her,]" "emailed [her] supervisors false statements of [her] missing training and due dates for action plans," and "called [her] supervisors to falsely state [she] missed trainings, due dates, and

missing documents." (DE 1-1 at 3).[3]  Ingram's alleged actions "occur[ed] from 1 April 2019 until 1 May 2019." (Id.).[4]

## DISCUSSION

A.      Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009).

When the respondent challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

---

[3]      Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

[4]      Underneath these allegations are additional allegations made by plaintiff in briefings that plaintiff possesses documentation confirming defendant, or defendant's proxy, "withheld reports from 2010 related to chemical toxins present in DoDEA Amercas Galer Elementary School which has resulted in numerous employees becoming ill or dying from her intentional withholding of these reports." (DE 10 at 2; see also DE 17 at 1 n.1).

B.      Analysis

Defendant argues plaintiff's claims are not cognizable under the FTCA and are otherwise

barred by sovereign immunity.

Where, as here, "a federal employee is sued, the United States Attorney, acting on behalf

of the Attorney General, must certify whether that employee was in fact acting within the scope of

his or her employment at the time of the alleged tortious act." Maron v. United States, 126 F.3d

317, 321 (4th Cir. 1997) (citing 28 U.S.C. § 2679(d)(1)).  "Once this certification has been made,

the United States is substituted as the sole defendant and all suits filed in state court are removed

to federal court; then the plaintiff's sole route for recovery is the [Federal] Tort Claims Act."  Id.

"[T]he FTCA constitutes a waiver of sovereign immunity."  Kokotis v. U.S. Postal Serv.,

222 F.3d 275, 278 (4th Cir. 2000).  Since "sovereign immunity can be waived only by the

sovereign[,] the circumstances of its waiver must be scrupulously observed and not expanded by

the courts."  Id.  (citing United States v. Kubrick, 444 U.S. 111, 117—118 (1979)).  Accordingly,

a claim under the FTCA must be brought "in careful compliance with its terms."  Id. (internal

citation omitted).

As relevant here, "the only relief provided for in the [FTCA] is money damages[;]"

therefore, "to the extent that [plaintiff] is seeking other relief, [the court] lack[s] jurisdiction under

the FTCA to accord it." Talbert v. United States, 932 F.2d 1064, 1065—66 (4th Cir. 1991); see

also Hendy v. Bello, 555 F. App'x 224, 226 (4th Cir. 2014) (holding that the FTCA does not waive

sovereign immunity for suits seeking injunctive relief); Akerele v. Everett, No. 5:14-CV-326-FL,

2015 WL 1646724, *5 (E.D.N.C April 14, 2015) ("[T]his court lacks subject matter jurisdiction to

provide injunctive relief for prior tort conduct.  The only relief provided for in the FTCA is money

damages.") (internal citations and quotations omitted).   Accordingly, where plaintiff seeks a no-

contact order, she seeks injunctive relief, not monetary damages, and this court lacks jurisdiction over her claim.

Although the contours of plaintiff's claims are unclear, plaintiff's allegations could be construed in the alternative as claims for intentional torts such as assault, libel, or slander. (See (DE 1-1) at 3) (alleging Ingram "followed [plaintiff] out of a training room while [she] was attempting to use the restroom and screamed at [her,]" "emailed [her] supervisors false statements of [her] missing training and due dates for action plans," and "called [her] supervisors to falsely state [she] missed trainings, due dates, and missing documents"). However, such claims are beyond the purview of the FTCA. See Talbert, 932 F.2d at 1066 ("[T]he liability of the United States under the FTCA is subject to various exceptions . . . the Government is not liable for: Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.") (citing 28 U.S.C. § 2680(h)). Therefore, to the extent plaintiff asserts intentional tort claims, those claims are barred by sovereign immunity.

In sum, sovereign immunity bars plaintiff's claims and deprives this court of jurisdiction. As such, defendant's motion to dismiss must be granted.[5]

## CONCLUSION

Based on the foregoing, the court GRANTS defendant's motion to dismiss (DE 12). Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. The clerk is DIRECTED to close this case.

SO ORDERED, this the 20th day of March, 2020.

LOUISE W. FLANAGAN
United States District Judge

---

[5] Where the court grants defendant's motion to dismiss for lack of subject matter jurisdiction, the court does not reach defendant's additional grounds for dismissal.